IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　　　　Plaintiff,<br>vs.<br><br>CEDRICK FOWLER<br><br>　　　　　Defendant. | No.9:12-CR-00027-2-RC |

**REPORT AND RECOMMENDATION ON DEFENDANT'S
MOTION FOR RELEASE FROM CUSTODY**

Pending is Defendant's Motion for Release from Custody due to COVID-19. (Doc. No. 496.) This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. Tex. Crim. R. CR-59. The Government has not filed a response. Having considered the pending motion, the record, and the applicable law, the undersigned recommends that the motion should be DENIED.

**I. BACKGROUND**

On August 28, 2012, Cedrick Fowler, the Defendant, pleaded guilty to Count One of the Indictment, Conspiracy to Possess with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. § 846. On January 29, 2013, Fowler was sentenced to 245 months' imprisonment, followed by 5 years' supervised release. On March 8, 2016, District Judge Ron Clark reduced Fowler's previously imposed sentence from 245 months to 235 months. In the instant motion, Fowler seeks to reduce his sentence further due to COVID-19.

## II. ANALYSIS AND RECOMMENDATION

On December 21, 2018, the President signed the First Step Act of 2018 into law. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. The Act, in part, amended 18 U.S.C. § 3582(c), which gives the court discretion, in certain circumstances, to reduce a defendant's term of imprisonment:

> The court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction; or the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of [BOP] that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i)-(ii). This provision is commonly referred to as "compassionate release."

Prior to the First Step Act, only the Director of the BOP could file a motion seeking compassionate release. *See Tuozzo v. Shartle*, No. 13-4897, 2014 WL 806450, at *2 (D.N.J. Feb. 27, 2014) (denying petitioner's motion for compassionate release because no motion for his release was filed by the BOP); *Slate v. United States*, No. 5:09-CV-00064, 2009 WL 1073640, at *3 (S.D.W.Va. Apr. 21, 2009) ("Absent a motion from the BOP, the Court lacks authority to grant compassionate release."). The First Step Act amended § 3582(c) by providing a defendant the means to appeal the BOP's decision not to file a motion for compassionate release on the defendant's behalf. *United States v. Cantu*, No. 1:05-CR-458-1, 2019 WL 2498923, at *1 (S.D.

2

Tex. June 17, 2019); *United States v. Bell*, No. 3:93-CR-302-M, 2019 WL 1531859, at *1 (N.D. Tex. Apr. 9, 2019). The plain language of the statute, however, makes it clear that a defendant must first exhaust his administrative remedies before seeking relief from the court. *United States v. Handerhan*, No. 1:10-CR-00298, 2019 WL 1437903, at *1 (M.D. Pa. Apr. 1, 2019) ("This section authorizes release after a movant has exhausted his administrative remedies if 'extraordinary and compelling reasons warrant such a reduction.'" (quoting 18 U.S.C. § 3582(c)(1)(A)(i))).

In the instant motion, Fowler does not indicate whether he has pursued his administrative remedies regarding his concerns surrounding the COVID-19 outbreak. As such, the court is without authority to waive the full exhaustion of his administrative remedies. *United States v. Collins*, No. CR 04-50170-04, 2020 WL 1929844, at *2 (W.D. La. Apr. 20, 2020) ("Section 3852(c)(1)(A) does not provide [the court] with the equitable authority to excuse [the defendant's] failure to exhaust his administrative remedies or to waive the 30-day waiting period.").

Further, even if Fowler had exhausted his administrative remedies, nothing in his motion indicates that extraordinary and compelling reasons exist. In Application Note 1 to § 1B1.13 of the United States Sentencing Guidelines Manual, the Commission defines "extraordinary and compelling reasons" to include the following four categories of circumstances: (i) certain medical conditions of the defendant; (ii) the defendant is 65 years or older and meets other requirements; (iii) the defendant's family has specified needs for a caregiver; and (iv) other reasons in the defendant's case that establish an extraordinary and compelling reason. The policy statement regarding compassionate release also requires a determination that "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2).

Fowler is 37 years old and contends in his motion that he has pre-existing medical conditions. (Doc. No. 259, 496.) However, he does not state what those conditions are. In the presentence report, the probation officer noted that "Fowler advised he is in good health, but he is overweight. He reported no history of physical ailments, but advised he was shot in his left leg in 2009. He maintained the bullet went 'straight through' and he has experienced no complications from that injury." (Doc No. 319.) There is no indication in the record that his health has changed. He also states in his motion that his mother is ill but does not specifically state that she needs a caregiver or the gravity of her illness. Moreover, given his extensive criminal history including prior convictions for possession of marijuana (3), possession of a controlled substance (2), and unlawfully carrying a weapon, as well as his failure to comply with previous terms of parole, and his history of drug abuse, the undersigned cannot conclude that Fowler would not pose a danger to the safety of any other person or the community, if released.

Moreover, Fowler asserts fear of dying due to the numerous inmates and staff members that are infected with COVID-19 in the prison system. Fowler's fears, however, do not establish that the BOP cannot manage any outbreak that may occur within his correctional facility or that the facility is specifically unable to treat Fowler if he were to contract the virus and develop COVID-19 symptoms while incarcerated. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."); *United States v. Clark*, No. CR 17-85-SDD-RLB, 2020 WL 1557397, at *5 (M.D. La. Apr. 1, 2020) (finding the defendant had failed to present extraordinary and compelling reasons to modify his prison sentence because he "does not meet any of the criteria set forth by the

statute" and he "cites no authority for the proposition that the fear of contracting a communicable disease warrants a sentence modification"); *United States v. Eberhart*, No. 13-CR-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("[A]s defendant does not assert that he is suffering from a medical condition as defined in U.S.S.G. § 1B1.13, a reduction of sentence due solely to concerns about the spread of COVID-19 is not consistent with the applicable policy statement of the Sentencing Commission as required by § 3582(c)(1)(A).").

Consequently, Fowler has failed to establish a reason that would constitute extraordinary and compelling reasons to warrant his release from imprisonment. Moreover, the BOP has instituted a comprehensive management approach that includes screening, testing, appropriate treatment, prevention, education, and infection control measures in response to COVID-19. *See Collins*, 2020 WL 1929844, at *3. The Memorandum to the BOP by Attorney General Barr on March 26, 2020, acknowledges that the Department of Justice ("DOJ") has an obligation to protect both BOP personnel and inmates. Attorney General Barr also notes that the DOJ has the responsibility of protecting the public, meaning that "we cannot take any risk of transferring inmates to home confinement that will contribute to the spread of COVID-19 or put the public at risk in other ways."

In short, Fowler has failed to satisfy his burden of showing the necessary circumstances to warrant relief under the statutory framework to which the court must adhere. *See United States v. Koons*, No. 16-214-05, 2020 WL 1940570, at *4-5 (W.D. La. Apr. 21, 2020) (stressing that "the rampant spread of the coronavirus and the conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling circumstances"). It is therefore the recommendation of the undersigned that the Defendant's Motion for Release be DENIED.

### III.  OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation.  Objections to this report must: (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report, and (4) no more than eight (8) pages in length.  *See* 28 U.S.C. § 636(b)(1)(c) (2009); FED. R. CIV. P. 72(b)(2); Local Rule CV-72(c).  A party who objects to this report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made.  *See* 28 U.S.C. § 636(b)(1) (2009); FED R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 21st day of May, 2020.

_____
Zack Hawthorn
United States Magistrate Judge